UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-12517-GAO

PATRICIA A. SMITH,
Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Soundview Home Loan Trust 2005-OPT4, Asset-Backed Certificates, Series 2005 OPT4; OPTION ONE MORTGAGE CORPORATION; SUSAN W. CODY; and KORDE & ASSOCIATES, P.C.,
Defendants.

OPINION AND ORDER
September 28, 2018

O'TOOLE, D.J.

The plaintiff, Patricia Smith, proceeding pro se, filed this lawsuit against Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-OPT4, Asset-Backed Certificates, Series 2005 OPT4; Option One Mortgage Corporation;[1] Susan W. Cody; and Korde & Associates, P.C., asserting common-law claims of trespass on the case, trover, action of covenant, and intentional infliction of emotional distress, and also seeking declaratory and equitable relief in connection with the foreclosure sale of her property at 435 Foundry St., North Easton, Massachusetts ("the Property"), following the close of her chapter 7 bankruptcy proceedings. The complaint was filed in state court and timely removed by the defendants.

---

[1] The state court docket does not indicate that Option One Mortgage ever was served or appeared in that proceeding. In any event, as a foreign corporation for the purposes of diversity jurisdiction, its lack of consent did not make removal improper. See Adams v. Beacon Hill Staffing Grp., LLC, No. CV 15-CV-11827-ADB, 2015 WL 6182468, at *2–3 (D. Mass. Oct. 21, 2015); Gentile v. Biogen Idec, Inc., 934 F. Supp. 2d 313, 317 (D. Mass. 2013).

There are two related motions currently pending before the Court. The motion to dismiss filed by Susan Cody and Korde & Associates ("attorney defendants"), who represented Deutsche Bank in the foreclosure proceedings, argues that the complaint's single allegation against them fails to state a plausible claim for relief. The motion for remand filed by the plaintiff argues that the attorney defendants' Massachusetts citizenship prevents this Court from exercising diversity jurisdiction. See 28 U.S.C. § 1332. Deutsche Bank counters, in its opposition to remand, that diversity is not defeated because the non-diverse attorney defendants were fraudulently joined.[2] A finding of fraudulent joinder is an implicit finding that the plaintiff has failed to state a cause of action against a fraudulently joined defendant. Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir. 1983).

"A joinder is a sham and fraudulent if it is 'without any reasonable basis in fact and without any purpose to prosecute the cause in good faith against the [defendant].'" Mills v. Allegiance Healthcare Corp., 178 F. Supp. 2d 1, 4 (D. Mass. 2001) (alteration in original) (citation omitted). "[U]nder the doctrine of fraudulent joinder, removal is not defeated by the joinder of a non-diverse defendant where there is no reasonable possibility that the state's highest court would find that the complaint states a cause of action upon which relief may be granted against the non-diverse defendant." Universal Truck & Equip. Co. v. Southworth-Milton, Inc., 765 F.3d 103, 108 (1st Cir. 2014). The fraudulent joinder analysis involves a substantive standard similar to the one used for a motion to dismiss under Rule 12(b)(6), but unlike a motion to dismiss, the analysis permits courts to look beyond the complaint and consider other relevant documents. In re Fresenius Granuflo/Naturalyte Dialysate Prod. Liab. Litig., 76 F. Supp. 3d 321, 333 (D. Mass. 2015).

---

[2] Deutsche Bank first raised its fraudulent joinder arguments in its notice of removal.

The complaint here contains only one allegation against the attorney defendants, and seeks to hold them liable for sending the plaintiff a Notice of Foreclosure when, it is alleged, they knew or should have known that her mortgage debt was paid in full. It is well-established under Massachusetts law that attorneys representing a lender owe no duty to the barrower or to their client's adversaries more generally. Balerna v. Gilberti, 281 F.R.D. 63, 65 n.4 (D. Mass. 2012), aff'd, 708 F.3d 319 (1st Cir. 2013); Lamare v. Basbanes, 636 N.E.2d 218, 219 (1994). The one possible exception to this rule is that a duty may exist to a nonclient who justifiably relies in some way on the attorney's services. See Manson v. GMAC Mortg., LLC, 283 F.R.D. 30, 42 (D. Mass. 2012). In the present case, the attorney defendants were clearly acting as foreclosure counsel and neither owed nor breached any duty to the plaintiff. See id.; Logotheti v. Gordon, 607 N.E.2d 1015, 1018 (1993). Further, the notice the attorneys sent to the plaintiff, which is attached to the complaint and forms the basis of her allegation, included conspicuous disclaimers that would preclude reasonable reliance by a person in the plaintiff's position. See Manson, 283 F.R.D. at 42. In sum, the plaintiff's allegations have no "reasonable possibility" of stating a claim for relief against the attorney defendants.

Separately, upon review of the state proceedings in this case, and of documents and a hearing transcript from the chapter 7 bankruptcy proceedings initiated by the plaintiff in connection with the foreclosure, it is clear that the plaintiff's present allegations against the attorney defendants contradict the rulings of the bankruptcy court as well as her representations in those proceedings.[3] The bankruptcy court on June 30, 2017 granted Deutsche Bank's motion for

---

[3] These documents are referenced in the complaint and were either submitted to the state court by the plaintiff in support of her motion for a temporary restraining order, or to this court by one of the defendants. These public documents, the authenticity of which is not disputed, would be appropriate to consider on a motion to dismiss and are likewise appropriate for consideration here, see Freeman v. Town of Hudson, 714 F.3d 29, 35 (1st Cir. 2013); In re Fresenius

3

relief from the stay, allowing it to foreclose on the Property, and on July 18 denied the plaintiff's motion for reconsideration or vacatur of that ruling. At the hearing on the latter of these motions, the plaintiff conceded that she had not paid her mortgage in full as she had claimed in her affidavit, a concession that the bankruptcy judge specifically noted in her order denying the plaintiff's motion. The plaintiff cannot now in good faith allege that the attorney defendants should have known that her mortgage was paid in full after the bankruptcy court found, and she herself conceded, that it was not.

Accordingly, because the attorney defendants were fraudulently joined, their citizenship is disregarded for the purposes of diversity jurisdiction, and there is complete diversity between the remaining parties. The attorney defendants' Motion to Dismiss (dkt. no. 7) is GRANTED, and the plaintiff's Motion to Remand (dkt. no. 10) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

Granuflo/Naturalyte, 76 F. Supp. 3d at 333, as are the transcripts of the bankruptcy and state court hearings, see Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990); Metro. Prop. & Cas. Ins. Co. v. Savin Hill Family Chiropractic, Inc., 322 F.R.D. 151, 154–55 (D. Mass. 2017).